IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER ALEXANDER SORTO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-10-CV-613 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER

Walter Alexander Sorto seeks federal habeas corpus relief from his Texas state conviction and death sentence. Among other issues, Sorto claims that intellectual disability precludes his execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Courts have recognized three indispensable criteria for arriving at a diagnosis of intellectual disability: (1) significantly subaverage intellectual functioning; (2) related significant limitations in adaptive skill areas; and (3) manifestation of those limitations before age 18. *See Lewis v. Quarterman*, 541 F.3d 280, 283 (5th Cir. 2008); *Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006). In 2010, Sorto filed three *ex parte* motions requesting funds. (Docket Entry Nos. 8-10.) With relevance to the matters currently before the Court, Sorto requested the allocation of resources to retain a psychologist to test for intellectual disability. (Docket Entry No. 8.) This Court subsequently stayed the case and allowed Sorto to present his *Atkins* claim to the state court in the first instance. (Docket Entry No. 11.)

In 2011, the Texas Court of Criminal Appeals refused to authorize successive habeas proceedings on Sorto's *Atkins* claim. *Ex parte Sorto*, No. WR-71,381-03, 2011 WL 1533377

1

(Tex. Crim. App. Apr. 20, 2011.) Sorto subsequently reurged his motion for psychological assistance to "retain the services of an expert qualified to evaluate whether in fact Mr. Sorto does" suffer from intellectual disability. (Docket Entry No. 25 at 6.) On October 28, 2013, the Court found "that psychological testing for [intellectual disability] is reasonably necessary." (Docket Entry No. 26.) The Court specifically authorized the services of Dr. Gilbert Martinez by a separate sealed order. (Docket Entry No. 27.)

Dr. Martinez examined Sorto in 2014 and administered a battery of psychological tests, including the Wechsler Adult Intelligence Scale—Third Edition (WAIS-III). Sorto obtained a full-scale IQ score of 63 on the WAIS-III placing him within the range eligible for a diagnosis of intellectual disability. Dr. Martinez, however, did not fully assess whether Sorto suffers from deficits in adaptive behavior or whether his deficiencies occurred before age 18. Instead, Dr. Martinez reported that "[a] comprehensive adaptive functioning assessment is strongly recommended to confirm this diagnosis of intellectual disability." (Docket Entry No. 31, Exhibit 2.) In short, Dr. Martinez's testing provided support for *Atkins*' first prong, but he recommended that additional testing explore whether Sorto is a person with intellectual disability.

Sorto has not yet filed any request for funds to perform the testing proposed by Dr. Martinez. On March 23, 2015, the Court held a hearing in which the parties discussed Sorto's *Atkins* claim. In that hearing, counsel for Sorto expressed that he did not think filing a motion for additional funds was necessary because the Court had not yet ruled on sealed pleadings nine and ten. The parties also discussed various concerns raised by the new factual development in federal court.

Without discussing the details of Sorto's two sealed motions, pleadings nine and ten do not address the need for psychological testing to support *Atkins*' second prong. Given the extensive proceedings since Sorto filed his sealed papers, and to resolve any ambiguity in the record, the Court **DENIES** docket entries nine and ten **WITHOUT PREJUDICE**. Sorto may file any renewed request for psychological assistance to develop his *Atkins* claim within thirty days from the entry of this Order. Sorto will file any funding requests relating to his intellectual-disability arguments on the record. Respondent William Stephens may file a response within thirty days thereafter. The parties may also provide any relevant briefing on possible avenues for federal or state consideration of the testing performed in federal court.

**SIGNED** at Houston, Texas, on this 23rd day of March, 2015.

KEITH P. ELLISON
United States District Judge