United States District Court
Southern District of Texas
**ENTERED**
March 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER ALEXANDER SORTO, <br> Petitioner, | § § § | |
| v. | § § | H-10-CV-613 |
| BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § § § § § | |

## ORDER

In 2003, a Texas jury convicted Walter Alexander Sorto of capital murder and sentenced him to death. After unsuccessfully availing himself of Texas' appellate and habeas remedies, Sorto petitioned for federal habeas corpus relief. (Docket Entry No. 1). Sorto repeatedly requested the allocation of federal funds for expert assistance under 18 U.S.C. § 3599(f). Among other issues, Sorto sought expert assistance to develop his claim that intellectual disability precludes his execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). On September 30, 2015, this Court entered a Memorandum and Order denying Sorto's federal habeas petition. (Docket Entry No. 47).

Sorto's appeal remains pending before the Fifth Circuit. *Sorto v. Davis*, 16-70005. In 2018, the Fifth Circuit ordered a limited remand. The remand order required this Court to reconsider Sorto's requests for funding to develop his *Atkins* claim. On May 29, 2020, this Court granted Sorto funding under the standard articulated in *Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018). At that time, neither party moved to have this case returned to

the Fifth Circuit. Instead, Sorto proceeded to secure the assistance of an expert, Dr. Gilbert Martinez.

On January 24, 2022, Sorto filed an advisory with the Court indicating that Dr. Martinez's assessment should be completed by the end of March 2022. (Docket Entry No. 75).[1] That same day, Respondent filed an Opposed Motion to Terminate Remand Proceedings. (Docket Entry No. 76). Respondent argues that the Fifth Circuit remanded this case for one purpose: "for consideration of [this Court's] denials of funding in light of *Ayestas*." *Sorto v. Davis*, 716 F. App'x 366 (5th Cir. 2018). Respondent relies on the mandate rule which "requires a district court on remand to effect [the circuit court's] mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). Respondent argues that "[b]ecause this Court has already reconsidered its funding decision—fulfilling the scope of the remand order—it should now terminate the remand proceedings and transfer the case back to the Fifth Circuit." (Docket Entry No. 76 at 1).

Respondent is correct that the Fifth Circuit gave this Court one duty: to reconsider its funding decision. However, Respondent has not explained the nearly two-year delay in seeking a return to the circuit court. Respondent offered no objection as Dr. Martinez's assessment has proceeded over that time. Only now as the assessment nears completion

---

[1] Sorto has since advised the Court that Dr. Martinez's results will be delayed slightly. (Docket Entry No. 78).

does Respondent seek to return this case to the circuit court. Dr. Martinez's results will provide important information about how this case should proceed and whether state remedies may remain open to Sorto. The Court finds that the interests of justice will be best served by allowing Dr. Martinez to finish his assessment before returning this case to the Fifth Circuit.

The Court, therefore, **DENIES** Respondent's Opposed Motion to Terminate Remand Proceedings **WITHOUT PREJUDICE**. The Court **ORDERS** Sorto to provide an advisory upon the completion of Dr. Martinez's assessment. At that time, the Court will enter an order terminating the remand. Sorto may then seek a stay of the appellate proceedings as appropriate.

The Clerk will provide copies of this Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of March, 2022.

KEITH P. ELLISON
United States District Judge