IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WALTER ALEXANDER SORTO,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| -vs- § | CIVIL NO. 4:10-CV-00613 | |
| § | | |
| § | ***DEATH PENALTY CASE*** | |
| § | | |
| **BOBBY LUMPKIN**, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| § | | |
| Respondent. § | | |

_____

**PETITIONER'S MOTION TO RECONSIDER ORDER GRANTING RESPONDENT'S MOTION TO TERMINATE THE REMAND**
_____

As this Court is aware, on March 28, 2018, the Court of Appeals for the Fifth Circuit issued an order, which: 1) vacated this Court's orders denying Petitioner funds necessary for an adaptive functioning assessment; and 2) remanded Petitioner's federal habeas proceeding to

this Court so that it could consider its previous denials of funding. Order Pet. Reh'g, *Sorto v. Davis*, No. 16-70005 (5th Cir. Mar. 28, 2018).

This Court has since done all that appeared to be required by the March 28, 2018 order. Specifically, after considering briefing from the parties, on May 29, 2020, the Court granted the funding motion which it had previously denied and authorized funds in the amount of $7,500 so that Dr. Gilbert Martinez could complete a comprehensive adaptive functioning assessment. ECF No. 71. On August 29, 2022, Undersigned Counsel informed the Court that Dr. Martinez had completed his work and had issued a report (a copy of which Counsel attached to the advisory). ECF No. 86. The following day, this Court issued an order granting Respondent's motion to terminate the remand, ECF No. 87. This Court believed that "Sorto's appeal remains pending before the Fifth Circuit" and that the Fifth Circuit's order was only for a "limited remand for the sole purpose of deciding Sorto's entitlement to expert funding." *Id.*

Unsure of what to file in the Court of Appeals to advise that court of this Court's order, on August 31, the Undersigned sent an email to the Fifth Circuit's Death Penalty Clerk asking her what document

Counsel should file in the Court of Appeals. The Clerk replied on September 1 and informed Counsel that the case was not currently pending in the Court of Appeals because that court had issued a "full remand" and mandate.[1]

It was then that Counsel discovered that the judgment entered by the Court of Appeals on April 19, 2018 went further than its March 28 Order. While the March 28 order purported to vacate only this Court's denials of funding, the April 19 judgment vacated this Court's judgment. J. Reh'g, *Sorto v. Davis*, No. 16-70005 (5th Cir. Apr. 19, 2018). If there was any question, Counsel's correspondence with the Clerk makes clear that the Court of Appeals believes the more expansive language of the April 19 judgment controls.

In light of the Court of Appeals' judgment and recent confirmation that its prior remand was a "full remand" and that there is no proceeding currently pending in that court, Counsel respectfully requests this Court: 1) reconsider its August 30 Order granting Respondent's motion to terminate the remand; and 2) enter an order

---

[1] The Clerk wrote, "The court issued a full remand and issued the mandate. Therefore, the case is closed[.]"

3

denying Respondent's motion and setting a schedule for further briefing on the merits of Petitioner's claim raised pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002).

        Respectfully submitted,

        s/ David R. Dow
        _____
        David R. Dow
        Texas Bar No. 06064900
        University of Houston Law Center
        4170 Martin Luther King Blvd.
        Houston, Texas 77204-6060
        Tel. (713) 743-2171
        Email ddow@central.uh.edu

*Counsel to Walter Alexander Sorto*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel, Ali M. Nasser, about this motion, and Mr. Nasser stated that Respondent is opposed to this motion.

s/ David R. Dow
_____
David R. Dow

## CERTIFICATE OF SERVICE

I certify that on Thursday, September 8, 2022, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.

s/ David R. Dow
_____
David R. Dow