IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER ALEXANDER SORTO, § | | |
| *Petitioner*, § | | |
| § | | |
| v. § | | |
| § | CIV. NO. 4:10-CV-613 | |
| BOBBY LUMPKIN, Director, § | (Death Penalty Case) | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| *Respondent*. § | | |

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO RECONSIDER ORDER TERMINATING THE REMAND

This is a federal habeas case. Petitioner Walter Sorto is a Texas state inmate under a sentence of death. On August 30, 2022, this Court ended remand proceedings because Sorto's expert completed his evaluation of Sorto for adaptive deficits. ECF No. 87. The Court explained that, based on the remand order, it "has limited authority under the mandate rule to consider the question of funding. The Court can only consider the substance of the expert's assessment if the Fifth Circuit reopens the judgment denying habeas relief and remands the case." *Id*. at 1–2. Sorto has filed a motion to reconsider that order. *See* ECF No. 88.

After this Court terminated remand proceedings, Sorto's counsel emailed the Death Penalty Clerk of the Fifth Circuit as to how he should proceed. ECF No. 88 at 2–3. The Clerk responded, "[t]he court issued a full remand and

issued the mandate. Therefore, the case is closed[.]" *Id.* at 3 n.1. Upon this information, Sorto's counsel discovered that the judgment accompanying the remand order did in fact vacate this Court's judgment denying habeas relief.[1] *Id.* at 3. Sorto now argues that the Clerk's email clears up any discrepancy between the remand order and the judgment because the "more expansive language" of the judgment should control over the more limited language of the remand order. *Id.*

Sorto makes a fair point that the judgment of the Fifth Circuit has vacated this Court's judgment denying relief. *Cf. Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 527 (7th Cir. 1988) (holding that, where an opinion of the district court awarded declaratory relief, but the judgment did not, only the judgment need be obeyed on appeal). But even so, this Court's discretion is still limited to implementing the spirit and letter of the directive in the remand order. *See Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). In this case, that directive only permitted this Court to reconsider its decision to deny Sorto funding. *Sorto v. Davis*, 716 F. App'x. 366, 366 (5th Cir. 2018). The judgment does the same—"the cause is remanded for [the District Court's] consideration

---

[1] Sorto refers to April 19, 2018, as the date judgment was issued. But it was actually issued the same day as the remand order: March 28, 2018. Judgment on Rehearing, *Sorto v. Davis*, No. 16-70005 (5th Cir. Mar. 28, 2018). The April 19, 2018 date Sorto refers to is when mandate issued. Mandate, *Sorto v. Davis*, No. 16-70005 (5th Cir. Apr. 28, 2018).

2

of its denials of funding in light of *Ayestas*." Judgment on Rehearing, *Sorto v. Davis*, No. 16-70005 (5th Cir. Mar. 28, 2018). So, even if judgment is reopened, the mandate rule compels this Court to reenter judgment denying relief and a certificate of appealability because it has fulfilled the directive of the remand order and judgment. Once that is entered, Sorto may file a timely notice of appeal and again invoke the jurisdiction of the court of appeals.

## CONCLUSION

For these reasons, this Court should only grant Sorto's motion for reconsideration in part, by entering a new judgment denying relief and a certificate of appealability before again terminating remand proceedings.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Ali M. Nasser
ALI M. NASSER
Assistant Attorney General
*Counsel of Record*
State Bar No. 24098169
Southern District Admission No. 2936065

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-2134
Ali.Nasser@oag.texas.gov

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

     I certify that on September 27, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

David R Dow
University of Houston
4604 Calhoun Road
Houston, TX 77204
713-743-2171
ddow@uh.edu

                                              s/ Ali M. Nasser
                                              ALI M. NASSER
                                              Assistant Attorney General