# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **WALTER ALEXANDER SORTO,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| § | | |
| -vs- § | CIVIL NO. 4:10-CV-00613 | |
| § | | |
| § | ***DEATH PENALTY CASE*** | |
| § | | |
| **BOBBY LUMPKIN**, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| § | | |
| Respondent. § | | |

## PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO HIS MOTION TO RECONSIDER ORDER TERMINATING THE REMAND

On September 8, 2022, Petitioner filed his Motion to Reconsider Order Granting Respondent's Motion to Terminate the Remand. ECF No. 88. On September 28, Respondent filed his Response in Opposition to Petitioner's Motion. ECF No. 89. Petitioner now files this Reply.

While acknowledging the Clerk for the Court of Appeals indicated the remand issued by the Court of Appeals was a "full" remand, Respondent continues to assert this Court, on remand, can only consider the question of whether Sorto was entitled to funds for an adaptive deficits assessment. ECF No. 89. Had the Court of Appeals intended to issue a limited remand, it would have done so. *See generally United States v. Rodriguez-Peña*, 957 F.3d 514, 516-23 (Oldham, J., concurring). The Court of Appeals is well-aware of the difference between a "limited" and a "full" remand. *Id.*

Relevant to this proceeding, the Court of Appeals has, in a different habeas proceeding, issued precisely the limited remand Respondent continues to insist was issued in Sorto's case. When remanding Chuong Duong Tong's federal habeas proceeding to the district court so that the district court could reconsider whether the Supreme Court's opinion in *Ayestas* had any impact on its previous decision denying funds to Tong, the Court of Appeals wrote that it was "remand[ing] to the district court *solely for the purpose* of reconsidering [the request for funding] in light of *Ayestas II*." *Tong v. Lumpkin*, 825 F. App'x 181, 186 (5th Cir. 2020). The opinion made clear the district

court's judgment was vacated only in part. *Id.* The letter sent from the Clerk of the Court of Appeals to this Court's Clerk with a copy of the opinion made clear Tong's case "ha[d] been placed in abeyance for 30 days pending the disposition of the remand proceedings." That is how the Court of Appeals issues a "limited" remand.

The appellate clerk has confirmed the remand at issue in Sorto's proceeding is a "full" remand. The Clerk has made clear the Court of Appeals proceeding is closed. Unlike in *Tong*, where return to the Fifth Circuit appears to have occurred automatically once the district court issued its opinion regarding funding, there can be no further proceeding in the Court of Appeals until this Court issues a final judgment on Sorto's *Atkins* claim. Respondent, of course, realizes this and insists that this Court must enter a judgment identical to the one the Fifth Circuit vacated. No opinion from the Fifth Circuit requires this Court to enter such a judgment. To do so would be to fail to give full effect to the Fifth Circuit's order, specifically to its decision to issue a "full," and not "limited," remand.

To be clear, there are limits to what this Court may consider on remand. Namely, the Court cannot reconsider whether Petitioner is

entitled to relief or a certificate of appealability on his claim raised pursuant *Miranda* or his ineffective assistance of counsel claim. On December 1, 2016, the Court of Appeals held Sorto is not entitled to certificates of appealability for these claims. *Sorto v. Davis*, 672 F. App'x 342, 351 (5th Cir. 2016). That decision remains intact, and the mandate rule "prohibits [this C]ourt on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to [this C]ourt on remand." *United States v. Pineiro*, 450 F.3d 200, 205 (5th Cir. 2006).

No such decision remains intact regarding Sorto's *Atkins* claim. The Court of Appeals' judgment issued on March 28, 2018[1] vacated this Court's judgment with respect to the claim, not in part, but in its entirety. To give full effect to the remand, this Court should now consider what effect, if any, the recently submitted report from Dr.

---

[1] Respondent is correct that the judgment, which vacated this Court's prior decision on Petitioner's *Atkins* and remanded the claim, in its entirety, to this Court for further proceedings, was issued on March 28, 2018, and not April 19, 2018. See ECF No. 89 at 2 n.1. April 19 is the date the judgment was issued as a mandate. The issuance of a mandate is confirmation that the proceeding in the Court of Appeals was complete as of April 19, 2018. The proceeding was not held in abeyance, which, like in *Tong*, is how the Court of Appeals would have proceeded had its remand in this proceeding been a limited one.

4

Martinez has on its decision regarding whether Petitioner is entitled to relief or a certificate of appealability on his *Atkins* claim.

Accordingly, Counsel respectfully requests this Court: 1) reconsider its August 30 Order granting Respondent's motion to terminate the remand; and 2) enter an order denying Respondent's motion and setting a schedule for further briefing on the merits of Petitioner's claim raised pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002).

Respectfully submitted,

s/ David R. Dow

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Email ddow@central.uh.edu

*Counsel to Walter Alexander Sorto*

# CERTIFICATE OF SERVICE

I certify that on Wednesday, September 28, 2022, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.

                                                s/ David R. Dow

                                                _____

                                                David R. Dow