**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WALTER ALEXANDER SORTO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-10-CV-613 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER

On September 30, 2015, this Court entered a Memorandum and Order denying

Walter Alexander Sorto's federal petition for a writ of habeas corpus. (Docket Entry No.

47). The case came back before the Court in 2018 when the Fifth Circuit remanded with a

specific directive: "consideration of [the previous] denials of funding in light of *Ayestas* [*v.*

*Davis*, 138 S. Ct. 1080 (2018)]." *Sorto v. Davis*, 716 F. App'x 366 (5th Cir. 2018).

Specifically, the remand was to determine whether funding should be provided for more

expansive testing of Sorto's mental health. After reviewing the funding issue, finding that

additional funding should be provided, and a lengthy pause in the proceedings while

Sorto's expert performed a psychological evaluation, the Court terminated the remand and

ordered the Clerk to return this case to the Fifth Circuit. (Docket Entry No. 87).

Sorto now moves for reconsideration. (Docket Entry No. 88). Sorto's motion says

that he sought guidance from the Fifth Circuit on how to reopen the appeal. A member of

the circuit clerk's office informed him that the circuit had issued a "'full remand'" and that

the "'case is closed.'" (Docket Entry No. 88 at 2-3). Sorto interprets this to mean that this

Court has full authority to reconsider any issue not expressly rejected by the Fifth Circuit on appeal. (Docket Entry No. 90 at 5).

Respondent agrees that the Fifth Circuit issued a remand that ended, rather than stayed, appellate jurisdiction. (Docket Entry No. 89). Respondent, however, disagrees with Sorto's argument that the language in the judgment provides full authority to reconsider his claims. Respondent contends that the Fifth Circuit remanded this case only to apply *Ayestas* to Sorto's earlier funding requests. According to Respondent, this Court has fulfilled its assigned task and now must enter an appealable order. Respondent argues that the Court should enter a new final judgment so that the appeal may proceed.

The Court held a telephonic hearing on November 14, 2022, in which the parties provided argument regarding the motion for reconsideration. After considering the parties' arguments, the briefing, and the record, the Court will grant Sorto's motion for reconsideration in part and return this case to the Fifth Circuit.

The Fifth Circuit's March 28, 2018, opinion was specific: it only vacated this Court's denials of funding, suggesting that it had left the final judgment in place. *Sorto v. Davis*, No. 16-70005 (5th Cir. Mar. 28, 2018) (opinion on rehearing). The confusion in this case stems from the fact that, without further discussion, the Fifth Circuit then issued a judgment which more broadly vacated this Court's judgment: "It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded for its consideration of its denials of funding in light of *Ayestas*." *Sorto v. Davis*, No. 16-70005

2

(5th Cir. Mar. 28, 2018) (judgment on rehearing). Accordingly, the Fifth Circuit did not retain any jurisdiction over Sorto's appeal.

The Fifth Circuit's Judgment still delivered a mandate to reconsider only the earlier funding decisions. The mandate rule requires this Court "on remand to effect [the Fifth Circuit's] mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). The mandate rule gives this Court authority to rule only on the matters specified by the Fifth Circuit and then enter an appealable order. Whether or not the Fifth Circuit retained some jurisdiction does not change the limiting language in the circuit court's judgment. *See United States v. Guzman*, 48 F. App'x 158, 160-61 (6th Cir. 2002) (describing the difference between a limited and full mandate). This Court has complied with the Fifth Circuit's narrow directive and reconsidered the issue of funding. (Docket Entry No. 71). The mandate rule prevents the Court from doing more. *See Robertson v. Davis*, 763 F. App'x 378 (5th Cir. 2019) (appeal of limited district action after remand using same language as in this case).

In the telephonic hearing, Sorto observed that it seems nonsensical to require reconsideration of funding, to grant that funding, and then return the case to the appellate court. The Fifth Circuit's mandate, however, leaves no other option, particularly because the appellate court has not conclusively decided whether the Court can consider new evidence in this case. This Court's decision to return the case to the Fifth Circuit is compelled by the mandate rule and is not a comment on the evidence Sorto has developed

3

since remand. The Court is hopeful that a return to the appellate court will provide clarity on what issues are still available for federal review, and the Court remains willing to undertake such review itself.

The Court must consider how the parties may renew appellate proceedings. In some cases where the Fifth Circuit "has remanded with a specific directive to the district court, [it has] retained jurisdiction over the appeal, obviating the need for the appellant to file a new notice of appeal after the district court's remand proceedings." *MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated*, F. App'x 790, 790 (5th Cir. 2021). In those cases, the Fifth Circuit has "specified that [it] retained jurisdiction over the appeal." *Id.* Here, the Fifth Circuit's order did not retain any jurisdiction. The Court must enter an appealable order so that circuit review may resume.

The Fifth Circuit vacated this Court's judgment. The Court must issue a new final judgment from which Sorto may appeal. An appeal may proceed once Sorto complies with his "obligat[ion] to file a timely notice of appeal of the remanded judgment . . . ." *Id.*

Accordingly, the Court **GRANTS** Sorto's motion for reconsideration **IN PART**. The Court has reconsidered its Order terminating the remand, but cannot reach the merits of Sorto's claims. The Court will enter an amended final judgment contemporaneously with this Order.

The Clerk will provide copies of this Order to the parties.

**SIGNED** at Houston, Texas, on this ___17ᵗʰ___ day of November, 2022.

_____
KEITH P. ELLISON
United States District Judge